No. 323
TERPENING v. UNGER
Ohio Court of Appeals, Lorain County
No. 220. Feb. 16, 1923

This opinion has not been published except in Abstract.

EVIDENCE—(1) Parol evidence admissible to remove ambiguity in a written instrument—(2) Admissibility of subsequent acts and declarations of the parties, to establish terms of sale—(3) Verdict against the weight of evidence.

FUNK, P. J.

### Epitomized Opinion

Plaintiff, the seller of a popcorn machine, brought an action in replevin to regain possession of the same, claiming that the machine was sold under a conditional sale contract with which defendant had not complied. Later the plaintiff inserted, by interliniation, the words "chattel mortgage" for the words "conditional sale contract." Defendant filed a general denial and a counterclaim for damages for wrongfully taking of the machine. The evidence

disclosed that plaintiff sold to defendant a popcorn machine for $2500; the defendant paid $1000 in cash, and gave 12 notes of $125 each, payable one each month for the remainder. The only writing consisted of these notes which contained a provision that the machine was to be deposited with the payee, who was the seller, as security. The plaintiff claimed that this provision amounted to a chattel mortgage, but the jury found that the parties did not so intend, and assessed damages for the defendant to the extent of $664. From this judgment the plaintiff prosecuted error upon the grounds that the court erred in the admission of certain evidence, and that the verdict was against the weight of evidence. Held:

1. Where the terms of a conditional sale are ambiguous parol evidence may be offered to prove the contract or remove the ambiguity.

2. While evidence as to the contract of the parties and declarations after the purchase may not be conmpent to show the contract, yet where the contract is ambiguous, the subsequent acts and declarations of the parties are competent as throwing light upon what was the true character of the sale.

3. As the verdict was supported by some evidence, it cannot be said to be manifestly against the weight of evidence.

Judgment affirmed.

**Attorneys**—R. F. Vandemark, for Terpening; Grills and Coleman, Lorain, for Unger.